UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY K. MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>DEAN BORDERS, et al.,<br><br>Defendants. | Case No. EDCV 17-57 JFW(JC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I. BACKGROUND AND SUMMARY**

On January 12, 2017, plaintiff Rodney K. Morgan, a prisoner who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983, which, construed liberally, appears to assert a federal claim for violation of the Fourteenth Amendment Equal Protection Clause predicated on sexual orientation/transgender discrimination, and multiple state law claims. (Comp. at 5). Plaintiff sues the following individuals connected with the California Institute for Men ("CIM") where plaintiff is currently housed: (1) Warden Dean Borders; (2) Associate Warden L. Parker; (3) CSI Wally Luce; (4) "Leadperson Inmate/Ward Labor (I/WL)" John Dockery (E-96595); and

(5) CCII J. Sheppard (collectively "defendants"). (Comp. at 2-4). Plaintiff sues defendant/fellow inmate Dockery in his individual capacity only, sues all other defendants in their individual and official capacities, and seeks injunctive and monetary relief.

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II. COMPLAINT

The Complaint, construed liberally, alleges the following:

Blatant sexual discrimination is ongoing relative to CIM's Inmate Ward Labor ("IWL") Program. (Comp. at 5). Even though CIM-II is a transgender-designated facility with a large transgender population, entry-level positions for the IWL Program have not been provided for transgender inmates. (Comp. at 5). Defendant Warden Borders – who knew or should have known of such discrimination due to past problems with racism – has failed to ensure a sexual discrimination free work environment. (Comp. at 5).

A contractor hired to do construction projects on CIM-II avoided establishing a hiring process until a new memo with a revamped hiring process was instituted. (Comp. at 6). Defendant Associate Warden Parker – who knew or should have known of the problems with the contractor and knew from plaintiff's conversations with him that no transgender inmate had been hired – shirked his duties to ensure a sexual discrimination free work environment at CIM II and demonstrated neglect when he verbally refused to read plaintiff's administrative appeal due to not having time. (Comp. at 5-6).

Notwithstanding the fact that a complaint of racial discrimination had been brought against the IWL Program and defendant inmate Dockery, defendant CSI Luce instructed defendant inmate Dockery – a known white supremacist – to lead the IWL Program and to weed out transgender inmates by intercepting medical clearance files and checking them to ensure that no transgender inmates were hired.

(Comp. at 6-7). Defendant Luce asked a prison medical officer who was his friend to pass confidential medical information to defendant Dockery for the above-stated purpose. (Comp. at 7). Defendant Dockery, at defendant Luce's behest, viewed inmate medical information for the purpose of excluding transgender inmates, injected his own bias into the hiring process, and discriminated against transgender inmates. (Comp. at 8).

Defendant CCII Sheppard – who should have known of sexual discrimination in the IWL Program because defendant Associate Warden Parker provided her with plaintiff's administrative appeal – refused to read plaintiff's complaint fully, refused to interview plaintiff's witnesses or to read their witness statements, refused to let plaintiff present argument, presented an intimidating presence, and allowed transgender discrimination in the IWL Program to continue unabated. (Comp. at 7-8).

### III. PERTINENT LAW

#### A. The Screening Requirement

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c); Byrd v. Phoenix Police Department, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states a Section 1983 claim that is viable (*i.e.*, capable of succeeding), the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99

(9th Cir. 2013).  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).  In addition, under Rule 10 of the Federal Rules of Civil Procedure, a complaint, must (1) state the names of "all the parties" in the caption; (2) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (3) where "doing so would promote clarity," state "each claim founded on a separate transaction or occurrence . . . in a separate count. . . ."  Fed. R. Civ. P. 10(a), (b).

To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 135 S. Ct. 346, 347 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility").  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth, 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis.") (citing

4

1  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)).  Allegations that are
2  "merely consistent with" a defendant's liability, or reflect only "the mere possibility
3  of misconduct" do not "show[] that the pleader is entitled to relief" (as required by
4  Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible
5  on its face."  Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).  At
6  this preliminary stage, "well-pleaded factual allegations" in a complaint are
7  assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and
8  "legal conclusion[s] couched as a factual allegation" are not.  Id. (citation and
9  quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014)
10 ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting id.),
11 cert. denied, 135 S. Ct. 980 (2015).

In general, civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt."  Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted).  Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts.  Cafasso v. General Dynamics C4

Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

### B. Section 1983 Claims

To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 571 U.S. 819 (2013).

An individual government official "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

Similarly, a government official acting in a supervisory capacity "causes" a deprivation to the extent he or she (1) personally participates in or directs a subordinate's constitutional violation; or (2) was not "physically present when the [plaintiff's] injury occurred," but the constitutional deprivation can, nonetheless, be "directly attributed" to the supervisor's own wrongful conduct. Starr v. Baca, 652
///

F.3d 1202, 1207 (9th Cir. 2011), cert. denied 566 U.S. 982 (2012); see also OSU Student Alliance, 699 F.3d at 1069 (citing Iqbal, 556 U.S. at 676).

Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

### C. Fourteenth Amendment – Equal Protection

Pursuant to the Equal Protection Clause of the Fourteenth Amendment, persons who are similarly situated must be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985), abrogated on other grounds as explained in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). To state an equal protection claim, a plaintiff must allege that a defendant intentionally discriminated against the plaintiff based upon the plaintiff's membership in a protected class. See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); see generally SmithKline Beecham Corp. v. Abbott Laboratories, 740 F.3d 471, 481, 484 (9th Cir. 2014) (Supreme Court precedent mandates application of heightened scrutiny to classifications based on sexual orientation for purposes of equal protection) (citing United States v. Windsor, 570 U.S. 744 (2013)); Norsworthy v. Beard, 87 F. Supp. 3d 1104, 1119 (N.D. Cal. 2015) (holding that "discrimination based on transgender status independently qualifies as a suspect classification under the Equal Protection Clause").

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that a defendant intentionally treated similarly situated individuals differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.

2002). To state an equal protection claim under this theory, a plaintiff must plausibly allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

## IV. DISCUSSION

Here, the Complaint is deficient in multiple respects, including those detailed below.

First, the Complaint violates Rule 10, at a minimum, because plaintiff did not name all of the defendants in the Complaint caption. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992).

Second, the Complaint fails to state a viable claim for damages to the extent plaintiff has sued defendants in their official capacities. A suit against a public employee in his or her official capacity is equivalent to a claim against the employer, Kentucky v. Graham, 473 U.S. 159, 166 (1985); Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department, 533 F.3d 780, 799 (9th Cir. 2008), cert. denied, 555 U.S. 1098 (2009), which here is the State of California, Brown v. California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009); Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief, Papasan v. Allain, 478 U.S. 265, 276-77 (1986); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984), and it bars federal court claims for damages against a state official in his or her official capacity where, like here, the state has not waived its sovereign immunity and Congress has not overridden the state's immunity from such claims. Will v.

Michigan Department of State Police, 491 U.S. 58, 71 (1989); Graham, 473 U.S. at 169-70; see, e.g., Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'") (citations omitted), cert. denied, 530 U.S. 1261 (2000).

Third, the Complaint does not state a viable Section 1983 individual capacity claim against defendant Borders. Plaintiff's conclusory allegations that defendant Borders "[k]new . . . that blatant sexual discrimination is continuing as before in his Inmate Ward Labor [] Program, due to past problems with racism[,]" and that the defendant "has failed to ensure a sexual discrimination free work environment[]" (Comp. at 5) are insufficient plausibly to demonstrate defendant Borders' personal participation in any civil rights violations asserted. See Pena, 976 F.2d at 471 (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983.) (citing Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)); see also Iqbal, 556 U.S. at 680-84 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient under pleading standard in Fed. R. Civ. P. 8) (citations omitted). To the extent plaintiff alleges that defendant Borders – or any other defendant – acted negligently (*i.e.*, "should have known" about alleged misconduct) (Comp. at 5), the Complaint fails to state a viable Section 1983 claim. Farmer v. Brennan, 511 U.S. 825, 835 (1994); County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). To the extent plaintiff sues defendant Borders simply because such defendant generally failed to prevent subordinates from engaging in the alleged official misconduct, the Complaint fails to state a viable Section 1983 claim. A federal civil rights claim may not be based
///

solely on a defendant's supervisory position.  See Taylor, 880 F.2d at 1045 ("There is no respondeat superior liability under section 1983.") (citation omitted).

Fourth, the Complaint does not state a viable Section 1983 individual capacity claim against defendant Parker.  To the extent decipherable, plaintiff's allegations against defendant Parker appear mostly to be predicated upon alleged improper processing of plaintiff's administrative appeal.  (Comp. at 6).  A prison official's processing of an inmate's appeals, without more, cannot serve as a basis for Section 1983 liability.[1]  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (due process not violated simply because defendant fails properly to process grievances submitted for consideration), cert. denied, 488 U.S. 898 (1988); see, e.g., Todd v. California Department of Corrections and Rehabilitation, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (quoting Ramirez, 334 F.3d at 860) (quotation marks omitted); Shallowhorn v. Molina, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process") (citing Ramirez, 334

---

[1]While a prison official's alleged failure to process an inmate grievance may implicate a prisoner's First Amendment right of access to the courts, the Complaint fails to state such a claim because plaintiff does not plausibly allege that any defendant *actually failed* to process plaintiff's grievances, that an actual injury resulted from any failure to process plaintiff's grievances or that any such conduct actually "hindered [plaintiff's] efforts to pursue a [nonfrivolous] legal claim."  Lewis v. Casey, 518 U.S. 343, 351-53, 354-55 (1996) (to establish denial of access claim, plaintiff must show that plaintiff suffered "actual injury" as result of defendants' actions); see generally Bounds v. Smith, 430 U.S. 817, 821 (1977) (well-established that prisoners have a constitutional right of access to the courts), abrogated in part on other grounds by, Lewis, 518 U.S. at 354.

F.3d at 860). Even if the mishandling of a grievance constituted an appropriate predicate for a Section 1983 claim, plaintiff's allegations suggest that at worst, defendant Parker was negligent – *i.e.*, that Parker "neglect[ed]" to read plaintiff's complaint "due to not having time" – which, as discussed above is insufficient to state a Section 1983 claim. (Comp. at 6). Indeed, the Complaint elsewhere alleges that defendant Parker provided plaintiff's complaint to another prison official – defendant Sheppard – for handling, undercutting plaintiff's suggestion that defendant Parker ignored or hindered the processing of such grievance. (Comp. at 7). Plaintiff's conclusory allegation that defendant Parker "shirk[ed] his duties to ensure a sexual discrimination free work environment" (Comp. at 6) is insufficient to state a viable Section 1983 claim (see Pena, 976 F.2d at 471 (citation omitted); see also Iqbal, 556 U.S. at 680-84 (citations omitted)), and is undercut by plaintiff's other allegation that the prison issued a memo revamping the very contractor hiring practice about which plaintiff complained to defendant Parker, suggesting that defendant Parker actually did take action to address the matter. (Comp. at 6).

Fifth, the Complaint does not state a viable Section 1983 individual capacity claim against defendant Luce. In short, plaintiff does not plausibly allege that defendant Luce did any affirmative act, participated in another's affirmative act, failed to perform a legally required act, or participated in/directed particular conduct that caused a specific deprivation of any of plaintiff's constitutional rights. For example, plaintiff does not allege that plaintiff is transgender, that plaintiff ever attempted to obtain or was denied a position in the IWL Program due to the practices about which plaintiff complains, or that defendant Luce afforded inmate defendant Dockery improper access to plaintiff's medical records. To the extent plaintiff is suing defendant Luce based solely on such defendant's supervisory position, as noted above, the Complaint fails to state a viable Section 1983 claim. See Taylor, 880 F.2d at 1045 (citation omitted).

Sixth, the Complaint does not state a viable individual capacity claim against

defendant Dockery, who appears to have been a private actor. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (noting "presumption that conduct by private actors is not state action" for purposes of Section 1983) (citation omitted), cert. denied, 565 U.S. 1116 (2012); id. (Section 1983 plaintiffs have burden to establish that private defendants are state actors) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)). While it is also *possible* to infer that defendant Dockery acted "under color of law," such possibility is insufficient to *show* that such private inmate engaged in state action that caused a deprivation of plaintiff's constitutional rights. Moreover, plaintiff's allegations against defendant Dockery are insufficient for the same reasons discussed above relative to defendant Luce. In short, plaintiff does not plausibly allege that defendant Dockery did any affirmative act, participated in another's affirmative act, failed to perform a legally required act, or participated in/directed particular conduct that caused a specific deprivation of any of plaintiff's constitutional rights.

Seventh, the Complaint does not state a viable individual capacity claim against defendant Sheppard, who also appears to be sued based upon her alleged failure properly to process one of plaintiff's administrative appeals (Comp. at 7-8) – which, again, is insufficient to state a Section 1983 claim. See Ramirez, 334 F.3d at 860; Todd, 615 Fed. Appx. at 415 (citation omitted); Shallowhorn, 572 Fed. Appx. at 547 (citation omitted). Nor does plaintiff allege, for example, any facts to suggest that defendant Sheppard was actually in a position to effect any changes in the alleged discriminatory practices about which plaintiff complained in plaintiff's grievance and in the instant action. Plaintiff's conclusory allegation that defendant Sheppard "has allowed transgender discrimination to continue . . . unabated" (Comp. at 5.3) is insufficient to state a viable Section 1983 claim. See

///

Pena, 976 F.2d at 471 (citation omitted); see also Iqbal, 556 U.S. at 680-84 (citations omitted).

Eighth, the Complaint otherwise does not state a viable equal protection claim. In short, plaintiff has not plausibly identified any specific incident or occasion on which a defendant intentionally discriminated against plaintiff based upon plaintiff's membership in a protected class, or treated any identifiable group of similarly situated individuals differently without a rational relationship to a legitimate state purpose.

Ninth, the Complaint otherwise contains confusing, and at times unintelligible, stream-of-consciousness rambling that fails plausibly to identify the *specific* time, duration, or location of any particular incident which allegedly caused a constitutional deprivation and never clearly connects any particular event or incident to any specific legal claim against any specific defendant as the federal rules require. Such allegations are insufficient to state any viable Section 1983 claim. See Knapp v. Hogan, 738 F.3d 1106, 1109-10 & n.1 (9th Cir. 2013) (violations of Rule 8's "short and plain statement" requirement "warrant dismissal") (citations omitted), cert. denied, 135 S. Ct. 57 (2014); Cafasso, 637 F.3d at 1059 ("Rule 8(a) has been held to be violated by a . . . complaint that was . . . confused, or consisted of incomprehensible rambling.") (citation and internal quotation marks omitted); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery."); see also Stewart v. Ryan, 2010 WL 1729117, *2 (D. Ariz. Apr. 27, 2010) ("It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.").

Finally, as it is appropriate to dismiss plaintiff's only federal claim over which the Court has original jurisdiction, and as the balance of pertinent factors currently weigh against the exercise of supplemental jurisdiction over plaintiff's

state law claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims at this juncture and dismisses such claims. See 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has dismissed all claims over which it has original jurisdiction"); Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (recognizing district court's discretion to decide whether to exercise supplemental jurisdiction over state-law claims after district court dismissed "every claim over which it had original jurisdiction") (citations omitted); Lacey, 693 F.3d at 940 (district court must affirmatively indicate that it has exercised its discretion to decide whether to keep state claims in federal court after all federal claims have been dismissed); see, e.g., Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (citation and quotation marks omitted).

## V.    ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1.    The Complaint is dismissed with leave to amend. If plaintiff intends to pursue this matter, plaintiff shall file a First Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[2]

---

[2]Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b));
(f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and how that
(continued...)

The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if plaintiff elects to proceed in that fashion.

2. In the event plaintiff elects not to proceed with this action, plaintiff shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

**3. Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal, may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the Court's Order.**

IT IS SO ORDERED.

DATED: May 14, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Attachments

Presented this 3rd day of May 2018 by:

   /s/ Jacqueline Chooljian   

HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
individual's conduct specifically violated plaintiff's civil rights; (i) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a)); and (j) not add defendants or claims without leave of court, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).